UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

AIRELL JOSHUA THOMAS SAWYER,

Petitioner,

v.

WARDEN BAKER, *et al.*,

Respondents.

Case No. 3:16-cv-00627-MMD-WGC

ORDER

**I.  SUMMARY**

Three motions are before the Court: (1) a motion to quash subpoena, filed by Stephen M. Hess, Esq (ECF No. 39); (2) Respondents' motion for clarification (ECF No. 42); and (3) Petitioner's unopposed motion for extension of time in which to complete discovery (first request) (ECF No. 40). The Court will grant the motions to quash and for extension of time,[1] but deny the motion for clarification.

**II.  DISCUSSION**

    **A.  MOTION TO QUASH (ECF NO. 39)**

Among the matters on which the Court granted Petitioner leave to conduct discovery was to find records from his original plea counsel, Bruce Voorhees. Petitioner thus served a subpoena upon Hess. Hess states that he had rented out office space to Voorhees. Hess also states that Voorhees retired around 4 years ago and took all his work product when he left. Hess notes that Hess & Associates, his law firm, does not have custody of any of Voorhees' work product. (ECF No. 39 at 1–2.)

Technically, Petitioner is correct that a motion to quash a subpoena is not the correct method for Hess to make this response. Petitioner argues that the correct method would be a response to the subpoena, signed under oath. However, Hess has stated that

///

---

[1] The Court does not further discuss the motion for extension of time.

he does not have any of Voorhees' work product. Furthermore, Hess is an attorney admitted to practice in this court. The court will accept Hess' representation and grant his motion. If Petitioner later finds evidence to the contrary, then he can file the appropriate motion.

### B. MOTION FOR CLARIFICATION (ECF NO. 42)

The Court granted Petitioner leave to conduct depositions of Stephen Tully and Bryan (possibly "Brian") Tully (collectively, "the Tullys"). Respondents have asked for clarification as to what protections both would have against possibly incriminating themselves.

First, a deposition is not a custodial police interrogation within the meaning of *Miranda v. Arizona*, 384 U.S. 436 (1966). *See United States v. White*, 589 F.3d 1283, 1285 (5th Cir. 1979). Consequently, the Tullys need not receive the warnings required by *Miranda*. The Tullys also do not have the right to appointed counsel afforded by *Miranda*.

Second, *Miranda* aside, the Tullys may invoke their Fifth Amendment privileges against self-incrimination. The Advisory Committee note to Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts specifically contemplates that a petitioner being deposed may invoke the Fifth Amendment. There is no reason why the Tullys cannot do the same. However, unlike *Miranda*, when interrogation must cease if the person invokes his right to remain silent, the deposition need not cease if the Tullys invoke the Fifth Amendment not to answer a question.

Third, *Miranda* aside, the Tullys do have the right to bring counsel to the depositions. Regarding whether one of them might wish to have counsel but otherwise is unable to afford counsel, the court will not speculate now.

Petitioner does not object to placing in either the notices of deposition or deposition subpoenas statements informing the Tullys of their rights to bring an attorney to their depositions and their rights to invoke the Fifth Amendment in response to potentially incriminating questions. The Court directs Petitioner to do so.

///

The Court denies the motion for clarification because, other than directing Petitioner to put the above statements in their notices or subpoenas, the Court has not modified its order allowing discovery.

**III. CONCLUSION**

It is therefore ordered that the motion to quash subpoena, filed by Stephen M. Hess, Esq. (ECF No. 39) is granted.

It is further ordered that Respondents' motion for clarification (ECF No. 42) is denied.

It is further ordered that the unopposed motion for extension of time in which to complete discovery (first request) (ECF No. 40) is granted. Discovery must be completed within 90 days from the date of entry of this order.

DATED THIS 17th day of September 2019.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE